**Robert DAGGS, Plaintiff,**

v.

**PERIODICAL PUBLISHERS' SERVICE BUREAU, INC., Defendant.**

**Civ. No. 10473.**

United States District Court
D. Connecticut.

Oct. 1, 1964.

Ivan M. Schaffel, New Haven, Conn., for plaintiff.

Morris Tyler, Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant.

ZAMPANO, District Judge.

The plaintiff brings this action in equity to recover money damages and to reform or rescind an employment contract he entered into with the defendant on January 1, 1962.

Defendant, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., moves to strike all or part of the allegations in paragraphs 11, 13 and 14 of the Complaint and paragraph I of the prayer for relief.

Paragraphs 11 and 13 refer to plaintiff's employment as "involuntary servitude" and "slavery"; paragraph 14 characterizes certain acts as "unfair, unreasonable, unconscionable, inequitable and confiscatory"; and paragraph I of the prayer for relief uses the terms "unconscionable, unfair and inequitable".

The Complaint is not a model of simplicity and brevity. Portions of it abound in synonymical phraseology contrary to the dictates of concise and direct

pleadings contemplated by the Federal Rules.

If the case were to be tried to a jury, this Court would have little hesitancy in requiring the plaintiff to redraft his Complaint, eliminating ad hominem characterizations and verbosity. In its present posture, however, the case will be tried to the Court. No prejudice will result to the defendant if the allegedly offending allegations are permitted to remain in the Complaint. Moreover, plaintiff, in his brief, informs the Court that "The crux of this case is slavery. Slavery is the basis and substance of the claim herein." Perhaps plaintiff is attempting to advance some cause of action based on the constitutional proscription of slavery. Whether he is or not, and whether a contract service can be the subject of such a claim, will best be determined as the pleadings and discovery proceedings progress. At this stage of the case, these potentially distinct claims should not be foreclosed by a ruling that the plaintiff's terminology is redundant and impertinent.

Accordingly, the motion is denied.